CHAD WRIGHT
Assistant Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Email: chad_wright@fd.org
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RYAN CHRISTOPHER WILLIAMS, <br><br> Defendant. | CR 25-15-H-BMM <br><br><br> **DEFENDANT WILLIAMS' BRIEF IN SUPPORT OF OPPOSED MOTION TO DISMISS INDICTMENT** |

## INTRODUCTION

On September 3, 2025, an Indictment was filed charging Ryan Christopher Williams with a single count of violating 18 U.S.C. § 922(q)(2)(A) for allegedly possessing a firearm within a school zone. Rule 12(b)(1) of the Federal Rules of Criminal Procedure states that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."

1

Based on the Ninth Circuit's recent holding in *United States v. Metcalf*,[1] Mr. Williams meets the exception for state licensure and verification contained in §922(q)(2)(B)(ii), so he was allowed to carry a firearm within the 1000-foot school zone boundary. The firearms prohibition of §922(q)(2)(A) does not apply to Mr. Williams, and the Indictment and accompanying forfeiture allegation must be dismissed.

## FACTUAL BACKGROUND

For the past twenty-eight years, Mr. Williams has lived on a quiet residential street that roughly parallels Valley Drive – a major artery street in East Helena, Montana. The newly built East Helena High School sits on the west side of Valley Drive. Mr. Williams' home sits in a subdivision on the east side of Valley Drive.

On May 1, 2025, rather than taking the main road to school, a seventeen-year-old student cut through the subdivision at a high rate of speed. Mr. Williams followed and pulled in front of the student on the subdivision side of Valley Drive. Mr. Williams was wearing a small, holstered firearm when he got out of the car to confront the student for driving too fast. The student drove to school and told school personnel that Mr. Williams pointed the gun at him. When interviewed outside his home later that same morning, Mr. Williams admitted confronting the student about

---

[1] __ 4th __, (9th Cir. 2025) 2025 WL 2699997 (September 23, 2025).

speeding through the subdivision but vehemently denied ever unholstering his gun. After a search of his property and seizure of the gun, Mr. Williams was arrested on a state charge of assault with a weapon.

## ARGUMENT

**1. Mr. Williams meets the exception in 18 U.S.C. §922(q)(2)(B)(ii).**

Mont. Code Ann. §45-8-360 provides:

> In consideration that the right to keep and bear arms is protected and reserved to the people in Article II, section 12, of the Montana constitution, a person who has not been convicted of a violent, felony crime and who is lawfully able to own or to possess a firearm under the Montana constitution is considered to be individually licensed and verified by the state of Montana within the meaning of the provisions regarding individual licensure and verification in the federal Gun-Free School Zones Act.

Mr. Williams has not been previously convicted of a violent felony and is otherwise able to lawfully own or possess a firearm under the Montana Constitution. Therefore, he holds this license.

In *Metcalf*, the Ninth Circuit considered the defendant's conviction for possessing a gun outside his home near an elementary school in Billings, Montana. Like Mr. Williams, the defendant was a lawful gun owner. The Ninth Circuit held that because there was a plausible reading that Mont. Code Ann. §45-5-626 provided the necessary state license and verification, the defendant did not receive fair notice that his conduct was illegal under §922(q)(2)(A). *Metcalf* \*10-11. Quoting the

3

United State Supreme Court's decision in *Rehaif v. United States*, the *Metcalf* court explained: "'[a]ssuming compliance with ordinary licensing requirements, the possession of a gun can be entirely innocent.' 588 U.S. 225, 232 (2019) (*citing Staples*, 511 U.S. 600, 611 (1994))." *Metcalf,* *11. Accordingly, the Ninth Circuit reversed the defendant's conviction and remanded with the directive to dismiss the indictment. *Id*.

Mr. Williams occupies the same space as the defendant in *Metcalf*. He previously obtained enhanced licenses to carry a concealed weapon in Montana. He did not renew that licensure because Montana removed the concealed carry permit requirement in 2021. *See*, Mont. Code Ann. §45-8-316(3) and HB 102. No different than the defendant in *Metcalf*, Mr. Williams believed he was in compliance with Montana's licensing requirements on May 1, 2025. He did not have a prior violent felony conviction. He had a holstered gun on his person near his home and across a major thoroughfare from the far north parking lot at East Helena High School. He did not enter the actual school grounds. Just like Mr. Williams, there can be no doubt that many other Montanans travel on Valley Drive past East Helena High School with firearms. Mr. Williams reasonably believed that Montana law, in reference to his Second Amendment constitutional rights, provided the proper licensure and verification to carry a firearm even though he was within the 1000-foot boundary of the Gun-Free School Zones Act.

## CONCLUSION

Without fair notice that he was illegally possessing a gun under Montana's unique licensure process, the indictment against Mr. Williams must be dismissed

RESPECTFULLY SUBMITTED this 15th day of October, 2025.

/s/ Chad Wright
CHAD WRIGHT
Assistant Federal Defender
Federal Defenders of Montana
Counsel for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief is in compliance with Local Rule 7.1(d)(2)(as amended). The brief's line spacing is double-spaced, and is proportionately spaced, with a 14-point font size and contains less than 6,500 words. (Total number of words: 819 excluding tables and certificates).

DATED this 15th day of October, 2025.

/s/ Chad Wright
CHAD WRIGHT
Assistant Federal Defender
Federal Defenders of Montana
Counsel for Defendant

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on October 15, 2025, a copy of the foregoing document was served on the following persons by the following means:

  1   CM-ECF

  2   Mail

1. CLERK, UNITED STATES DISTRICT COURT

1. PAULETTE STEWART
   Assistant United States Attorney
   United States Attorney's Office
   901 Font Street, Suite 1100
   Helena, MT 59626
       Counsel for the United States of America

2. RYAN CHRISTOPHER WILLIAMS
       Defendant

/s/ Chad Wright
FEDERAL DEFENDERS OF MONTANA