CHAD WRIGHT
Assistant Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Email: chad_wright@fd.org
Attorney for Defendant

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN CHRISTOPHER WILLIAMS,<br><br>Defendant. | CR 25-15-H-BMM<br><br>**DEFENDANT WILLIAMS' BRIEF IN SUPPORT OF OPPOSED MOTION TO DISMISS INDICTMENT AS UNCONSTITUTIONAL** |

### INTRODUCTION

On September 3, 2025, an Indictment was filed charging Ryan Christopher Williams with a single count of violating 18 U.S.C. §922(q)(2)(A) for allegedly possessing a firearm within a school zone. Rule 12(b)(1) of the Federal Rules of Criminal Procedure states that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Mr. Williams has already moved to dismiss the Indictment because he had a proper

1

Montana license to carry a firearm within a school zone. (ECF No. 15). Based on the analytical framework established by *New York State Rifle and Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), the firearms prohibition of §922(q)(2)(A) does not apply to Mr. Williams as he otherwise lawfully carried a firearm on a busy thoroughfare that crossed a school zone. Therefore, Mr. Williams' further moves to dismiss the Indictment because, as applied to him, the 1000-foot school zone boundary violates his Second Amendment right to bear arms.

## FACTUAL BACKGROUND

For the past twenty-eight years, Mr. Williams has lived on a quiet residential street that roughly parallels Valley Drive – a major artery street in East Helena, Montana. The newly built East Helena High School sits on the west side of Valley Drive. Mr. Williams' home sits in a subdivision on the east side of Valley Drive.

On May 1, 2025, rather than taking the main road to school, a seventeen-year-old student cut through the subdivision at a high rate of speed. Mr. Williams followed and pulled in front of the student on the subdivision side of Valley Drive. Mr. Williams was wearing a small, holstered firearm when he got out of the car to confront the student for driving too fast. The student drove to school and told school personnel that Mr. Williams pointed the gun at him. When interviewed outside his home later that same morning, Mr. Williams admitted confronting the student about speeding through the subdivision but vehemently denied ever unholstering his gun.

2

After a search of his property and seizure of the gun, Mr. Williams was arrested on a state charge of assault with a weapon.

## ARGUMENT

**1. Under *Heller* and *Bruen*, §922(q)(2)(A) acts as an impermissible ban on Mr. Williams' lawful gun ownership.**

The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. In *District of Columbia v. Heller*, 554 U.S. 570, 574 (2008), the United States Supreme Court found that the D.C.'s complete ban on handguns and its restrictions on keeping firearms in the home[1] was unconstitutional. It declared that the Second Amendment "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Heller* at 635. The Court struck down both the law's complete ban on handguns and its restriction against keeping functional firearms in the home.

*Heller* confirmed the Second Amendment right for an individual to keep a firearm in one's home for the purpose of self-defense. In *United States v. Bruen*, 142 S. Ct. 2111 (2022), the Court extended this right to areas outside the home. The Court reaffirmed the Second Amendment's guarantee of "an individual right to

---

[1] Any lawfully owned firearm possessed within D.C. was required to be "unloaded and dissembled or bound by a trigger lock or similar device" *Heller*, 554 U.S. at 574.

3

possess and carry weapons in case of confrontation" and recognized that "confrontation can surely take place outside the home." *Id*. at 2135. The Court held that the "proper cause" requirement of New York's prevented law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *Id*. at 2156. The *Bruen* Court clarified that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id*. at 2126. To justify §922(q) as it is being applied to Mr. Williams carrying a firearm on a public road across from a school parking lot, the government "must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." *Id*. Although carrying guns in school buildings or on school grounds has been consistently upheld as part of these regulatory traditions, the Indictment claims Mr. Williams actions were illegal because they occurred within 1,000 feet of a school.

### 2. The 1000-foot school-zone restriction is not "relevantly similar" to historical restrictions on carrying firearms *in* schools.

Section 922(q) broadly serves to extend the school "sensitive place" restriction beyond school building and grounds. Under *Bruen*, a modern-day restriction need not be a "dead ringer for historical precursors." *Id.* at 2133. It need

4

only be "relevantly similar" to the precursors. *Id.* at 2132-2133. Mr. Williams was not in or on the grounds of East Helena High School, so he is apparently charged for being "within a distance of 1,000 feet from the grounds of a public, parochial or private school," 18 U.S.C. § 921(a)(26)(B).



Similar to *Heller*, the school zone prohibition requires an armed citizen entering a school zone to unload their firearm and have it in a locked container or locked firearms rack in a motor vehicle. 18 U.S.C. §922(q)(2)(B)(iii). Given that the East Helena High School school-zone encompasses Valley Drive, the locking and storage requirement is almost never enforced and, again, just like *Heller,* would limit a

5

citizen's ability to protect themselves when confronted with a serious threat outside the home. The Government cannot "identify a well-established and representative historical analogue" at the time of the Second Amendment's ratification to support such a broad prohibition. *Bruen*, at 2133.

On May 1, 2025, Mr. Williams did not have a prior violent felony conviction. He had a holstered gun on his person near his home and across a major thoroughfare from the far north parking lot at East Helena High School. He did not enter the actual school grounds. Mr. Williams reasonably believed that his Second Amendment constitutional rights protected his ability to travel to his home while carrying a firearm even if it came within 1000 feet of the school's property.

## CONCLUSION

Mr. Williams was carrying a firearm on his person while driving and walking on a public road well away from the main building East Helena High School. His conduct is plainly covered by the plain text of the Second Amendment and, as applied, 18 U.S.C. §922(q)'s 1000-foot school zone prohibition impermissibly infringes upon his right to possess a firearm.

RESPECTFULLY SUBMITTED this 17th day of October, 2025.

/s/ Chad Wright
CHAD WRIGHT
Assistant Federal Defender
Federal Defenders of Montana
Counsel for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief is in compliance with Local Rule 7.1(d)(2)(as amended). The brief's line spacing is double-spaced, and is proportionately spaced, with a 14-point font size and contains less than 6,500 words. (Total number of words: 1,134 excluding tables and certificates).

DATED this 17th day of October, 2025.

/s/ Chad Wright
CHAD WRIGHT
Assistant Federal Defender
Federal Defenders of Montana
Counsel for Defendant

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on October 17, 2025, a copy of the foregoing document was served on the following persons by the following means:

<u>  1  </u>   CM-ECF

<u>  2  </u>   Mail

1. CLERK, UNITED STATES DISTRICT COURT

1. PAULETTE STEWART
   Assistant United States Attorney
   United States Attorney's Office
   901 Font Street, Suite 1100
   Helena, MT 59626
       Counsel for the United States of America

2. RYAN CHRISTOPHER WILLIAMS
       Defendant

<u>/s/ Chad Wright</u>
FEDERAL DEFENDERS OF MONTANA