CHAD WRIGHT
Assistant Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Email: chad_wright@fd.org
Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CR 25-15-H-BMM** |
| Plaintiff, | |
| vs. | **DEFENDANT WILLIAMS' REPLY BRIEF IN SUPPORT OF OPPOSED MOTION TO DISMISS (DOC. 15)** |
| RYAN CHRISTOPHER WILLIAMS, | |
| Defendant. | |

## INTRODUCTION

Defendant Ryan Christopher Williams was charged with a single count under 18 U.S.C. § 922(q)(2)(A) prohibiting possession of a firearm in a school zone. He moved to dismiss the charge based on the Ninth Circuit's recent ruling in *United States v. Metcalf*, – F.4th –, 2025 WL 2699997 (9th Cir. 2025), where the Ninth Circuit dismissed the same charge against a Montana resident who openly possessed a shotgun on public property next to a school because there was a plausible reading

1

validating Montana's gun licensure and verification process complied with the Gun-Free School Zone Act.

The government is clearly dissatisfied with the Ninth Circuit's ruling in *Metcalf*. In response, it has chosen to rely on the overturned district court order, devoting two pages recapping the order. (ECF 23 at 6-8.) Then, the government focusses on the dicta in *Metcalf* to recount the facts of that case in an attempt to distinguish Mr. Williams' position as a lawful gun owner in Montana. As the United States Supreme Court has re-emphasized while reviewing firearms regulations every case is different. So, the law must comport with the principles underlying the Second Amendment, but it need not be a dead ringer for the underlying comparison. *United States v. Rahimi*, 602 U.S. 680, 692, 144 S. Ct. 1889, 1898, 219 L. Ed. 2d 351 (2024). There are more similarities than differences between Mr. Williams and Mr. Metcalf's cases. Mr. Williams lived near a school and exercised his right constitutional right to carry a firearm for his protection. Just like Mr. Metcalf, his reliance on Montana law did not give him fair notice that he was violating the Gun-Free School Zones Act every time he traveled from his home past East Helena High School. This Court should reject the government's implied invitation to relitigate *Metcalf* and instead apply *Metcalf's* holding to dismiss Mr. Williams's charge.

//

//

2

# DISCUSSION

Mr. Williams was a lawful gun owner who fully complied with the licensure requirements in Montana Mont. Code Ann. §45-8-360 before the incident on May 1, 2025. As he explained to the officer who questioned him outside his home, he always carried his firearm for protection. Mr. Williams is gay and has been verbally assaulted on his own property. He also runs his auto repair business on his property which has thousands of dollars of valuable tools. Prior to 2021, Mr. Williams took the extra step and expense of obtaining concealed carry permits issued by the State of Montana. There is no doubt that the concealed carry permits would meet the licensure and verification requirements under either reading of the Gun-Free School Zones Act. *United States v. Metcalf*, 2025 WL 2699997, at *6.

In 2021, the Montana Legislature did away with the requirement for a separate concealed carry permit. *See*, Mont. Code Ann. § 45-8-316(3). In a recorded jail call, Mr. Williams told his mother that it was his right to carry a gun to protect himself. His understanding of the rights bestowed upon him reflects Montana law which told him "a person who has not been convicted violent, felony crime and who is lawfully able to own or to possess a firearm under the Montana constitution is considered to be individually licensed and verified by the state of Montana within the meaning of the provisions regarding individual licensure and verification in the federal Gun-Free School Zones Act." Mont. Code Ann. § 45-8-360. Montana's statutory

3

provision makes sense for Mr. Williams and others in his neighborhood because it the only natural way he could comply with the Gun- Free School Zone Act's travel restriction when entering school buffer zones:



USAO - 081

The GFSZA says it illegal to possess a firearm while travelling within 1000 feet of a school unless the firearm: (1) is not loaded and (2) is locked in a container or locked firearms rack on a motor vehicle. If he did not believe he had valid authority issued by the State of Montana then Mr. Williams would have violated the Gun-Free School

Zones Act every time he left his house and travelled north to exit his subdivision. There are no signs warning him that when he meets the intersection of Valley Drive and Bandera Drive warning him that he has entered a school zone, meaning that he would have to unload and lock his firearm in whatever vehicle he was travelling. Mr. Williams relied on Montana law when it told him he was individually licensed within the meaning of the provisions of the Gun-Free School Zones Act. Even under the less natural reading of 18 U.S.C. § 922(q)(2)(B)(ii) and Mont. Code Ann. § 45-8-360, Mr. Williams could not be prosecuted for having violated the Gun-Free School Zones Act. *Metcalf*, 2025 WL 2699997, at *5, fn. 2.

The government's argument that, unlike Mr. Williams, Mr. Metcalf reached out to law enforcement and was relying on their advice does not ring true. First, the government successfully prevented any trial defense based on the idea local law enforcement had informed him his actions were legal. Mr. Metcalf had already left his house to "patrol" the streets multiple times (to the consternation of parents whose children attended the school) before he ever met with law enforcement. Mr. Metcalf and Mr. Williams relied on their ongoing compliance with Montana law to support their constitutional right to carry a firearm, even if happened to fall within the buffer area of a school zone. *Metcalf* applies because the same Montana law was advising both defendants that if they complied with Montana law they would not be prosecuted under the Gun-Free School Zones Act.

5

The reliance on the exemption was not new. The Gun-Free School Zones Act was enacted thirty-five years ago. In 1995, the Montana Legislature passed the broad licensure and verification law in Mont. Code Ann. § 45-8-360 to signal Montana's compliance with the Gun-Free School Zones Act. Mr. Metcalf was apparently the first court case considering the interplay between Montana Law and the Gun-Free-School Zones Act. *Metcalf*, 2025 WL 2699997, at *11. If Mr. Williams was second, there could be little notice that he had fallen out of compliance because of an obscure federal district court decision. There was limited legal authority in Montana, but other federal circuits had long found that lenient state licensing requirements comply with the Gun-Free School Zones Act: "Alabama is free to set forth its own licensing requirements, and Congress chose to defer to those licensing requirements when it established "qualified under law" as its criterion for the exception to the Gun-Free School Zone Act." *United States v. Tait*, 202 F.3d 1320, 1324 (11th Cir. 2000).

Just as important are the scienter principles relied on in *Metcalf*. The federal law delegated licensing to the states, and the law in Montana told Mr. Williams that he had a license to possess a firearm and travel through the 1000-foot school zone around East Helena High School. No sign told him he could not possess a firearm. *Compare*, *United States v. Allam*, 140 F.4th 289, 293 (5th Cir. 2025)(Allam had regularly parked his SUV, "under a school-zone sign approximately 40 feet across from the school's property line, adjacent to the school's playground.") Although the

government does not address the presumption in favor of scienter that the Supreme Court addressed in *Rehaif v. United States*, 588 U.S. 225, 235 (2019), it is still bound to prove that Williams knew his status as a licensed and verified gun owner under Mont. Code Ann § 45-8-360 still made it illegal to possess a gun while traveling through the 1000-foot school zone buffer. The alleged crime here is not the alleged pointing of a gun on a public road far from the main entrance of a school. It is the simple possession of the gun within the 1000-foot buffer zone that was not unloaded and kept locked in a vehicle. Mr. Williams was not on fair notice that this simple, lawful possession was a crime.

## CONCLUSION

Mr. Williams believed that he was in full compliance with Montana concealed carry laws that allowed him to possess a gun as he travelled through a school buffer zone. A fair reading of § 922(q)(2)(B)(ii) and Mont. Code Ann. § 45-8-360 supports application of the state licensure and verification exception to the Gun-Safe School Zones Act. *United States v. Metcalf* cannot be limited to identical facts, so the indictment for a violation of 18 U.S.C. § 922(q)(2)(A) must be dismissed.

//

//

//

//

7

RESPECTFULLY SUBMITTED this 10th day of November, 2025.

/s/ Chad Wright
CHAD WRIGHT
Assistant Federal Defender
Federal Defenders of Montana
Counsel for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief is in compliance with Local Rule 7.1(d)(2)(as amended). The brief's line spacing is double-spaced, and is proportionately spaced, with a 14-point font size and contains less than 3,250 words. (Total number of words: 1,401 excluding tables and certificates).

DATED this 10th day of November, 2025.

/s/ Chad Wright
CHAD WRIGHT
Assistant Federal Defender
Federal Defenders of Montana
Counsel for Defendant

9

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on November 10, 2025, a copy of the foregoing document

was served on the following persons by the following means:

  1        CM-ECF

  2        Mail

1.    CLERK, UNITED STATES DISTRICT COURT

1.    PAULETTE STEWART
    Assistant United States Attorney
    United States Attorney's Office
    901 Font Street, Suite 1100
    Helena, MT 59626
        Counsel for the United States of America

    TIMOTHY A. TATARKA
    Assistant United States Attorney
    United States Attorney's Office
    2601 2nd Ave. North, Suite 3200
    Billings, MT 59101
        Counsel for the United States of America

2.    RYAN CHRISTOPHER WILLIAMS
    Defendant

        /s/ Chad Wright
        FEDERAL DEFENDERS OF MONTANA