TIMOTHY A. TATARKA
PAULETTE L. STEWART
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 2nd Avenue North, Suite 3200
Phone: (406) 657-6101
FAX: (406) 657-6989
E-mail: Tim.Tatarka@usdoj.gov
          Paulette.Stewart@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| UNITED STATES OF AMERICA, | CR 25-15-H-BMM |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| RYAN CHRISTOPHER WILLIAMS, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Paulette L. Stewart and Timothy A. Tatarka, Assistant United States Attorneys for the District of Montana, and the defendant, Ryan Christopher Williams, and the defendant's attorney, Chad Wright, have agreed upon the following:

| AUSA | DEF | ATTY | Date 2-3-26 | Page 1 |
|---|---|---|---|---|

1.    **Scope:**  This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant.  It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2.    **Charges:**  The defendant agrees to plead guilty to the indictment, which charges the crime of unlawful possession of a firearm in a school zone in violation of 18 U.S.C. § 922(q)(2)(A).  This offense carries a maximum punishment of five years of imprisonment, not concurrent to any other count of conviction, a $100,000 fine, three years of supervised release, and a $100 special assessment.

3.    **Nature of the Agreement:**  The parties agree that this plea agreement will be governed by Rule 11(a)(2), Federal Rules of Criminal Procedure.  The defendant filed motions to dismiss, which Court denied.  With the consent of the United States, the defendant reserves the right to appeal the Court's adverse pre-trial ruling of those motions.  Rule 11(a)(2), Federal Rules of Criminal Procedure.  The parties acknowledge that this conditional plea agreement and reservation also requires the consent of the Court, and that if that consent is not given, this agreement is void and the case may be set for trial.

Finally, the defendant acknowledges the government has agreed not pursue other charges against the defendant related to the indictment but acknowledges the

government's express reservation to rescind that agreement if the defendant's appeal of his motion to dismiss is successful and the guilty plea entered pursuant to this agreement is withdrawn.

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charge contained in the indictment. In pleading guilty, the defendant acknowledges that:

- First, the defendant knowingly possessed a firearm;
- Second, the firearm has moved in or otherwise affected interstate commerce; and
- Third, the possession occurred in a place that the defendant knew or had reasonable cause to believe was a school zone.

5. **Waiver of Rights by Plea:**

(a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(d) The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant

would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph.

| AUSA | DEF | ATTY | Date |
|---|---|---|---|
| WBM | RLW | CW | 2-3-26 |

The defendant's attorney has explained those rights and the consequences of waiving those rights.

6.	**Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines. The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

7.	**Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8.	**Waivers:**

(a) *Waiver of Appeal of the Sentence:* The defendant understands the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or

supervised release. Except as provided in paragraph 3, this waiver includes challenges to the constitutionality of any statute of conviction and arguments the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel. This waiver does not prohibit the right to appeal the denial of the defendant's motions to dismiss.

The defendant also waives the right to appeal any aspect of a sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

(b) *FOIA Waiver:* The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

9. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

10. **Detention/Release After Plea:** The United States agrees that it will not move for detention but will defer to the discretion of the Court the decision as to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the defendant has clearly shown exceptional reasons why detention is not appropriate. 18 U.S.C. § 3145(c). The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release. The defendant acknowledges that obligation and understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

11. **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

12. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or

representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

KURT G. ALME
United States Attorney

_____ FOR
Paulette L. Stewart
Timothy A. Tatarka
Assistant U. S. Attorneys
Date: 2/3/2026

_____
Ryan Christopher Williams
Defendant
Date: 2/3/2026

_____
Chad Wright
Defense Counsel
Date: 2-3-26